# United States Court of Appeals for the Federal Circuit

2008-3222

FLOYD J. ADAMSEN,

Petitioner,

v.

DEPARTMENT OF AGRICULTURE,

Respondent.

J. Reid Prouty, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, filed a petition for panel rehearing for respondent. With him on the petition were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.

Thomas F. Muther, Jr., Minahan and Muther, P.C., of Denver, Colorado, filed a response to the petition for petitioner.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3222

FLOYD J. ADAMSEN,

Petitioner,

v.

DEPARTMENT OF AGRICULTURE,

Respondent.

Petition for review of the Merit Systems Protection Board decision DE-0432-07-0345-I-1.

ON PETITION FOR PANEL REHEARING

Before RADER, FRIEDMAN, and LINN, <u>Circuit Judges</u>.

FRIEDMAN, <u>Circuit Judge</u>.

<u>ORDER</u>

The government has filed a petition for panel rehearing seeking only a change in the following sentence in our opinion of April 23, 2009, reported at 563 F.3d 1326, 1331:

"If an agency makes changes to a previously-OPM-approved performance appraisal system that significantly alters an employee's performance standards and obligations, OPM review of those changes is necessary to achieve compliance with the basic purpose underlying the OPM-approved requirement."

According to the government, these words "could be read to require OPM approval for employees' performance standards. Such a requirement would be inconsistent with law and would dramatically expand OPM's duties beyond covering those required by statute and regulation." The government requests that we "delete the phrase, 'that

significantly alter an employee's performance standards and obligations,' and replace it with the word, 'it.'"

In our opinion, we did not intend even to suggest that OPM approval of employees' performance standards would be required. It is not. Because of the government's concern, however, we think it appropriate to change that language to eliminate any possible ambiguity suggesting that such OPM approval would be required – although not in the way the government suggests.

Accordingly, there is substituted for the above quoted language from our opinion, the following sentence:

"If an agency significantly alters a previously-OPM-approved performance appraisal system, OPM review of the agency's modifications is necessary to achieve compliance with the basic purpose underlying the OPM-approval requirement."

In all other respects, our opinion remains unchanged.

FOR THE COURT


_____July 15, 2009_____         _/s/ Daniel M. Friedman___
        Date                                     Daniel M. Friedman
                                            Circuit Judge


cc:     Thomas F. Muther, Jr., Esq.
         J. Reid Prouty, Esq.